PETER ZORN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zorn v. Commissioner
Docket No. 25954-82
United States Tax Court
T.C. Memo 1983-621; 1983 Tax Ct. Memo LEXIS 167; 47 T.C.M. (CCH) 1; T.C.M. (RIA) 83621; October 3, 1983. Alice Davis, for respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954 and Rules 180 and 181, Tax Court Rules of Practice and Procedure, [1] for consideration and ruling on respondent's Motion for Partial Summary Judgment filed June 21, 1983. The Court agrees with and adopts his opinion which is set forth below. *168 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment filed on June 21, 1983 pursuant to Rule 121. Petitioner was a resident of Islip, New York at the time the petition herein was filed. He filed individual Federal income tax returns for the period here involved with the Internal Revenue Service Center in Holtsville, New York. Respondent determined deficiencies in petitioner's Federal income taxes of 1977, 1978 and 1979 in the respective amounts of $31,378, $67,930 and $15,021. The sole issue raised by respondent's Motion for Partial Summary Judgment is whether petitioner is entitled to a depreciation deduction for 1978 and 1979 under the income forecast method. In Schedule C of his 1978 and 1979 tax returns petitioner claimed losses from his activity (described as "book owner") in the respective amount of $92,456 and $41,046. No gross receipts, sales or other income were reported from said activity during this period. The Schedule C losses were generated, in part, from depreciation deductions claimed with respect to the book in 1978 and 1979 in the respective amounts of *169 $82,256 and $30,846. Petitioner computed the depreciation deductions with respect to the book under the income forecast method. Section 167 allows as a depreciation deduction a reasonable allowance for exhaustion, wear and tear of (1) property used in a trade or business or (2) property held for the production of income. An acceptable method of depreciation for certain items of property, such as films and literary works, is the income forecast method. Siegel v. Commissioner,78 T.C. 659 (1982); Wildman v. Commissioner,78 T.C. 943 (1982); Greene v. Commissioner,81 T.C. 132 (1983). Under this method, the depreciation allowance is computed by the application of a fraction, the numerator of which is the current year's actual income and the denominator of which is the total anticipated income over the life of the intangible, times the asset's cost basis. Here, since it is undisputed that petitioner generated no actual income from his book activity in 1978 and 1979, the numerator of the fraction for the computation of depreciation is zero. Consequently, petitioner is not entitled to deduct any depreciation in the taxable years *170 1978 and 1979. Respondent's motion for partial summary judgment on this issue will therefore be granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩